IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNY MICKLE, | No. C 92-2951 TEH |
| Petitioner, | **ORDER REGARDING IMPACT OF** |
| v. | <u>**CULLEN V. PINHOLSTER,**</u> |
| MICHAEL MARTEL, Acting Warden of California State Prison at San Quentin | **131 S. CT. 1388 (2011)** |
| Respondent. / | |

## INTRODUCTION

Pursuant to the Court's request, the parties have submitted briefs addressing the impact of the Supreme Court's recent decision in <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388 (2011), on the Court's grant of an evidentiary hearing, as well as requests for discovery in this case. <u>Pinholster</u> addresses the limitations of habeas review under 28 U.S.C. § 2254(d)(1). As discussed below, the Court finds that in light of <u>Pinholster</u>, the Court's grant of an evidentiary hearing must be vacated and any pending discovery litigation be stayed pending the determination of whether petitioner's claims satisfy § 2254(d).

## BACKGROUND

Petitioner is under a sentence of death for the sexual molestation and murder of twelve-year old Lashan K. The California Supreme Court affirmed petitioner's conviction and sentence in August 1991. See People v. Mickle, 54 Cal. 3d 140 (1991).

Following the completion of his direct appeal and state habeas proceedings, petitioner filed a federal habeas petition in April 1997 containing exhausted and unexhausted claims. This Court stayed petitioner's federal proceedings pending completion of exhaustion proceedings in state court.

In February 2003, petitioner noticed the filing in this Court of his amended petition. Respondent filed an answer in May 2003. The parties subsequently litigated issues of procedural default, as well as petitioner's entitlement to an evidentiary hearing.

On October 1, 2009, the Court granted an evidentiary hearing on numerous claims. In a case management order filed February 4, 2010, the Court established a schedule for discovery matters as well as the submission of a joint statement of disputed and non-disputed facts in advance of the evidentiary hearing. A further joint statement addressing the submission of evidence at the evidentiary hearing was to be filed at a later date.

On May 31, 2011, the Court directed the parties to submit briefs addressing the impact of the Supreme Court's decision in Pinholster on petitioner's case. The parties completed this briefing on August 23, 2011. Respondent argues that in light of Pinholster, this Court should analyze whether any of petitioner's claims survive review under 28 U.S.C. § 2254(d)(1) before holding an evidentiary hearing or granting discovery. Petitioner disagrees.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court cannot grant relief on any claim adjudicated on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In Pinholster, the Supreme Court held that in determining the reasonableness

of a state court's ruling under § 2254(d)(1), federal courts are "limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398. The court explained that "evidence later introduced in federal court is irrelevant to § 2254(d)(1) review." Id. at 1400. Several circuit courts have concluded that under Pinholster, district courts should determine whether a petitioner's claims survive the § 2254(d)(1) standard on the basis of the state record alone, without reliance on evidence developed in federal evidentiary hearings. See, e.g., Price v. Thurmer, 2011 WL 1458694 (7th Cir. 2011); Jackson v. Kelly, 2011 WL 1534571 (4th Cir. 2011).

Respondent argues that in light of Pinholster, this Court should analyze whether any of petitioner's claims survive § 2254(d)(1) review before holding an evidentiary hearing or granting discovery. Petitioner counters that Pinholster did not modify a federal court's ability to grant an evidentiary hearing or authorize discovery. Rather, it merely "clarified the record upon which the federal habeas courts are to assess whether a state court's denial of relief violates 28 U.S.C. § 2254(d)(1)." Opposition at 2.

The Supreme Court in Pinholster did not hold that a district court would err by conducting an evidentiary hearing before deciding that a claim survives review under § 2254(d). 131 S. Ct. at 1411 n.20. ("[W]e need not decide . . . whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied"); see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the decision to grant an evidentiary hearing was left generally to the sound discretion of district courts. That basic rule has not changed" (citations omitted)). Nevertheless, the Court noted that its decision was "consistent" with Landrigan and stated that in Landrigan, it:

> explained that '[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.' [Landrigan, 550 U.S.] at 474. In practical effect, we went on to note, this means that when the state-court record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.' Id. at 474 (citing with approval the Ninth Circuit's recognition that 'an evidentiary hearing is not required on issues that can be resolved by reference to the state court record' (internal quotation marks omitted)).

Pinholster, 131 S. Ct. at 1399. The Court's statements indicate that, at a minimum, a federal court would not err by requiring a petitioner to demonstrate that relief on his claims is not precluded by

3

§ 2254(d) before granting him an evidentiary hearing on those claims. See also Woods v. Sinclair, 2011 WL 3487061 at *12 n.10 (9th Cir. 2011) (because review of a claim adjudicated on the merits by the state court is limited to the state court record, petitioner need not have been afforded an opportunity to develop evidence in support of his argument); Ybarra v. McDaniel, 2011 WL 3890741 at *14 n.3 (9th Cir. 2011) ("remand to the district court is unnecessary because there can be no additional factfinding by the district court" under Pinholster.) ; Earp v. Ornoski, 431 F.3d 1158, 1166-67 (9th Cir. 2005) (until petitioner can satisfy an exception to 28 U.S.C. § 2254(d), petitioner is not entitled to an evidentiary hearing on the merits of his claims.)

Until a petitioner can overcome § 2254(d), it also would not be an abuse of discretion for this Court to deny discovery on those claims. See Kemp v. Ryan, 638 F.3d 1245, 1260 (9th Cir. 2011) ("Because Kemp is not entitled to an evidentiary hearing, the district court did not err in denying his request for discovery, as well as his request for a hearing . . . [B]ecause the district court was not authorized to hold an evidentiary hearing on Kemp's deliberate elicitation claim, obtaining discovery on that claim would have been futile . . . . Accordingly, the district court's discovery denial also was not an abuse of discretion.")

## CONCLUSION

For the above-mentioned reasons, the Court orders as follows:

1) The Court's Order of October 1, 2009, granting an evidentiary is hereby vacated.

2) The parties shall submit a proposed merits briefing schedule by November 11, 2011. In the interest of efficiency and in order to avoid oversize briefs, petitioner shall thematically group the claims for which he requested an evidentiary hearing, and then submit a series of briefs describing how these claims satisfy § 2254(d)(1) and/or § 2254(d)(2) on the basis of the record that was before the state court that adjudicated the claims on the merits. Respondent shall file a response to each brief and petitioner shall file a reply.

3) Any pending discovery litigation is stayed pending the determination of whether petitioner's claims overcome § 2254(d).

**IT IS SO ORDERED.**

DATED: 10/13/11

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE